UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**LUCILLE BROWNING and RONALD BENJAMIN,**

**Plaintiffs,**

**-v-**                                        **5: 04-CV-01312**

**RICHARD LEWIS, ZOE LITTLEPAGE, MIKE
WILLIAMS, ROBERT K. JENNER, JAMES MORRIS,
KEN SUGGS, RALPH M. CLOAR, JR. AND TOBIAS
MILLROOD,**

**Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
Office of Ronald R. Benjamin
Ronald R. Benjamin, Esq., of Counsel
P.O. Box 607
126 Riverside Drive
Binghamton, New York 13902-0607
Attorneys for Plaintiffs

Thorn Gershon Tymann and Bonanni, LLP
Erin P. George, Esq., of Counsel
5 Wembley Court, New Karner Road
P.O. Box 15054
Albany, New York 12212-5054
Attorneys for Defendants

**Hon. Norman A. Mordue, D.J.:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Defendants move to dismiss this action on the ground of lack of *in personam* jurisdiction,

improper venue, and failure to state a claim upon which relief may be granted.  Plaintiffs cross-

move for jurisdictional discovery.  As discussed below, the Court grants plaintiffs' cross motion

for jurisdictional discovery and denies defendants' motion to dismiss without prejudice.

**BACKGROUND**

Plaintiffs are a lawyer, Ronald Benjamin, and his client, Lucille Browning. Browning commenced an action in New York State Supreme Court against Wyeth-Ayerst, alleging that its negligence in manufacturing, marketing and distributing pharmaceuticals caused Browning to sustain damages. In connection with that action, Benjamin, who represented Browning, sought to retain Klim McPherson, Ph.D., an epidemiologist, as an expert witness.

Defendants are court-appointed attorneys in multi-district pharmaceutical liability litigation, also against Wyeth-Ayerst, of which plaintiff's action is not a part. According to plaintiffs, defendants improperly advised Dr. McPherson that if he acted as an expert for Browning, he would compromise his role as expert in the multi-district litigation. Plaintiffs claim that, as a result, Dr. McPherson refused to be an expert witness for Browning in her action against Wyeth-Ayerst.

Thereafter, plaintiffs commenced the action herein, setting forth claims for (1) tortious interference with contract and/or prospective business relationship, and (2) *prima facie* tort, both stemming from defendants' alleged conduct in preventing Dr. McPherson from acting as expert witness in Browning's case. Plaintiffs commenced the instant action in New York State Supreme Court, County of Onondaga, and defendants removed it to federal court based on diversity of citizenship.

**DISCUSSION**

In moving to dismiss, defendants assert that there is no basis for personal jurisdiction over them in New York State because they are not New York residents, are not doing business in New

-2-

York, and are not subject to long-arm jurisdiction in New York.[1]  Plaintiffs contend that defendants are subject to personal jurisdiction pursuant to N.Y. C.P.L.R. 301 and 302(a)(1) and (3).

First, plaintiffs assert that defendants are "doing business" in New York State so that they are present here for purposes of section 301 jurisdiction.  Defendants respond that their circumstances do not satisfy the requirements for doing business, that is, they do not have offices in New York, do not solicit business in New York, do not have bank accounts or other property in New York, and do not have employees or agents in New York.  Defendants concede that defendant Lewis' law firm has an office, employees and bank accounts in New York.  Defendants contend, however, that Lewis himself does not have any of these contacts with New York, and that, because plaintiffs have sued Lewis individually, the law firm's contacts are immaterial.

The facts relevant to whether any defendants have an office, employees and/or bank

---

[1]

New York C.P.L.R. 302, entitled "Personal jurisdiction by acts of non-domiciliaries," provides in part:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

accounts in New York or other contacts with New York are clearly within the control of defendants. Defendants also may have within their control evidence pertinent to whether plaintiff's claims arise from any business transacted by defendants within New York or any contract to supply services in New York. *See* N.Y.C.P.L.R. 302(a)(1). Likewise, defendants have within their control evidence pertinent to whether defendants regularly do or solicit business, engage in a persistent course of conduct, or derive substantial revenue from services rendered in New York, and defendants may have evidence regarding whether plaintiff's claims arise from a tortious act without the state causing injury within the state. *See* N.Y.C.P.L.R. 302(a)(3). Moreover, any such evidence will likely be relevant on the question of whether this Court's exercise of jurisdiction over the defendants would offend due process. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Accordingly, plaintiffs are entitled to jurisdictional discovery.

Venue of this removed action is proper in this Court under 28 U.S.C. § 1441(a). *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953); *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72-73 (2d Cir. 1998). Thus, the question of district court venue under 28 U.S.C. § 1391 is irrelevant to this dismissal motion. Defendants have not demonstrated their entitlement to dismissal for improper venue under Fed. R. Civ. P. 12(b)(3). Defendants may, of course, move in this Court for transfer to a different venue under Fed. R. Civ. P. 1404(a). Although defendants request such relief in the papers presently before the Court, they do not make the required showing. To the extent that defendants' papers may be read to move for transfer, the motion is denied without prejudice.

Until it determines whether it has jurisdiction under Fed. R. Civ. P. 12(b)(2), this Court

-4-

does not address the portion of defendants' motion that seeks dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Accordingly, plaintiffs' motion for jurisdictional discovery is granted. Defendants' motion is denied without prejudice to renewal after at least 45 days have passed from the date of this Memorandum-Decision and Order, in order to give plaintiffs an opportunity for jurisdictional discovery. After the 45-day period has passed, defendants may again move to dismiss on whatever grounds they choose.

It is therefore

ORDERED that defendants' motion is denied without prejudice in accordance with the Memorandum-Decision and Order herein; and it is further

ORDERED that plaintiffs' cross motion for jurisdictional discovery is granted.

IT IS SO ORDERED.

December 30, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge

-5-